

# The Attorney General of Texas

November 10, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
.uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Gary E. Miller, M.D.
Commissioner
Texas Department of Mental
   Health and Mental Retardation
P. O. Box 12668
Austin, Texas    78711

Opinion No. JM-94

Re:    Salaries for persons discharging duties of positions as "acting" holders thereof

Dear Dr. Miller:

You have asked about the salary to be paid someone who discharges the duties of an office or position as an "acting" functionary rather than as the duly appointed incumbent thereof.

The salaries for most employees and officers of the state of Texas are fixed by the biennial appropriations act in conjunction with article 6252-11, V.T.C.S., the Position Classification Act of 1961, as authorized by article 6813b, V.T.C.S.

Section 2 of the Position Classification Act specifies:

> All regular, full-time salaried employments within [certain agencies and departments appropriated money by the general appropriations act] shall conform with the Position Classification Plan . . . and with the salary rates and provisions of the applicable Appropriations Act commencing with the effective date of this Act, with the exceptions and deferments hereafter provided . . . . (Emphasis added).

However, one who serves in an "acting" capacity, by definition, is not engaged in a regular employment. He performs the duties of an office or position to which he does not himself claim title. See State Bank of Williams v. Gish, 149 N.W. 600 (Iowa 1914); State ex rel Gossett v. O'Grady, 291 N.W. 497 (Neb. 1940). The term connotes a temporary designation, rank or position. See Pellecchia v. Mattia, 1 A.2d 28 (N.J. 1938); Capibianco v. Civil Service Commission, 158 A.2d 834 (N.J. Super. 1960). Thus, the salary paid one serving in an "acting capacity" need not conform to the Position Classification Plan unless some statute other than article 6252-11 requires it. See Attorney General Letter Advisory No. 1 (1973). Cf. Attorney General Opinion WW-1317 (1962).

Article 6813b, V.T.C.S., does not expressly refer to the Position Classification Plan, but it does specify that

> all salaries of all State officers and State employees, including the salaries paid any individual out of the General Revenue Fund, shall be in such sums or amounts as may be provided for by the Legislature in the biennial Appropriations Act.

The current general appropriations act does not speak directly of salaries to be paid persons temporarily discharging responsibilities in an "acting" capacity. It does state, however, that a "promoted" employee is to receive an increased salary, Acts 1983, 68th Leg., ch. 1095, art. V, §1e, at 6196, and states that any classified employee may, during emergencies or other special circumstances, be temporarily assigned to other duties for periods not to exceed three months. Id., art. V, §1k, at 6197.

The appropriations act defines a promotion as a change in duty assignment within an agency from a position in one classification to a position in another classification in a higher salary group requiring higher qualifications "such as a greater skill or longer experience, and involving a higher level of responsibility." Id., art. V, §1e. A change in duty assignment, though only temporary, can come within the definition of a "promotion." If it does, the appropriations act provision specifies the amount that can be paid the promoted employee. Id., art. V, §1e.

Situations in which classified employees are temporarily assigned the duties of exempt (non-classified) positions, or where non-classified employees temporarily assume the responsibilities of other non-classified positions, are not embraced by the foregoing "promotion" definition. The general appropriations act deals with the salaries of non-classified employees in two ways: (1) either as line item appropriations for which a specific amount is indicated, or (2) as general positions for which the salary is "not to exceed" a specified amount. In neither case (except with respect to certain law enforcement positions) is a department required to pay the maximum amount specified. Id., art. V, §§2a, 2b at 6199-6200. See generally Attorney General Opinion M-1227 (1972).

It is our opinion that agency heads have broad discretion concerning the salaries to be paid the occupants of such positions, whether permanent or "acting," and that no definitive answer to your question can be given with respect to them. The only certainty is that the persons serving in an "acting" capacity may not be paid more than the legislature designates as the maximum for the position filled.

The appropriations act provision may be illustrative of a general policy that persons temporarily promoted ought to be compensated on the scale ordinarily applied to the duties they temporarily discharge, cf. Tex. Const., art. IV, §16 (lieutenant governor temporarily serving as governor), but there is no law of which we are aware that requires it for non-classified positions in state government.

## S U M M A R Y

Persons in classified positions temporarily promoted to discharge the duties of another classified position as an "acting" functionary are entitled to a salary increase as specified in the general appropriations act. Persons who serve in an "acting" capacity with respect to positions exempt from the Position Classification Act may not be paid more than the maximum amount for the position specified in the appropriations act, but may be paid less at the discretion of the agency head.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood